NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAJI MEMON,<br><br>          Plaintiff,<br><br>v.<br><br>JOHN THOMPSON, Director, USCIS,<br>Newark, New Jersey; UNITED STATES<br>CITIZENSHIP AND IMMIGRATION<br>SERVICES;<br><br>          Defendants. | Civil Action No. 2:14-3671 (JLL) (JAD)<br><br>**OPINION** |

**LINARES, District Judge.**

This matter comes before the Court upon the Motion of Defendants John Thompson and United States Citizenship and Immigration Services ("USCIS") (collectively "Defendants") to Dismiss the Complaint of Plaintiff Haji Memon ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(a). [CM/ECF No. 4.] The Court has considered the submissions made in support of and in opposition to Defendants' Motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. Based on the following and for the reasons expressed herein, Defendants' motion is granted. Plaintiff's Complaint is dismissed with prejudice.

**I.    BACKGROUND**

Plaintiff is a lawful permanent resident of the United States and a native and citizen of India. (Compl. ¶3.) He resides in Piscataway, New Jersey. (*Id.*) Plaintiff obtained permanent resident status on July 1, 2007, through his employment. (Docket #4, Ex. C at 2.) Defendant

Thompson is the District Director for the Newark District of USCIS. (*Id.* ¶ 4.)

On September 8, 2009, Plaintiff pled guilty to committing a fraud on the IRS under 26 U.S.C. 7206(1). (Docket #4, Ex. C at 2.) Said fraud caused a loss to the Government that exceeded $10,000. (*Id.*) At the time that Plaintiff entered his guilty plea, a conviction under 26 U.S.C. 7206(1) was not an aggravated felony in the Third Circuit. In February 2012, the Supreme Court of the United States held that a conviction under this section of the US Code is an aggravated felony. *Kawashima v. Holder*, 132 S. Ct. 1166, 1172, *reh'g denied*, 132 S. Ct. 1961 (2012).

On or about June 12, 2012, Plaintiff filed a Form N-400, Application for Naturalization ("N-400") with USCIS. (Docket #4, Ex. C at 2.) On May 18, 2013 USCIS denied Plaintiff's N-400, finding that Plaintiff's September 8, 2009 conviction under 26 U.S.C. 7206(1) precluded him establishing eligibility to naturalize. (*Id.*) In this decision, the USCIS relied on *Kawashima*. (*Id.*) Plaintiff appealed this decision, and the USCIS affirmed its denial on February 25, 2014. (Compl. ¶6.)

Plaintiff filed a two-count Complaint against Defendants on June 6, 2014. (Docket #1.) Count one alleges that the denial of Plaintiff's naturalization "was legally and factually erroneous in that . . . [P]laintiff had actually overpaid the Internal Revenue Service ["IRS"] so that there was no loss greater than $10,000." (Compl. ¶8.) Count two alleges that the denial of Plaintiff's naturalization "was legally and factually erroneous in the retroactive application of [*Kawashima*]." (*Id.* ¶ 10.) Defendants filed a Motion to Dismiss, or in the alternative, for Summary Judgment on August 8, 2014.[1] (Docket #4.) This Court has jurisdiction to conduct a de novo review of the denial of Plaintiff's application for naturalization pursuant to 8 U.S.C. §1421(c).

---

[1] Although Defendants have attached extraneous documents to its Motion, the Court will not convert the Motion into one for Summary Judgment because these documents are integral to Plaintiff's Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that "a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'")

## II.    STANDARD OF REVIEW

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  *Id.*

## III.    DISCUSSION

A lawful permanent resident alien is eligible for naturalization as a United States Citizen if he (i) has resided continuously in the United States for five years after being lawfully admitted for permanent residence, (ii) "has resided continuously within the United States from the date of the application up to the time of admission to citizenship," and (iii) during all relevant time periods, "has been and still is a person of good moral character." 8 US.C. § 1427(a). If an individual's application for naturalization is denied, after a hearing before an immigration officer the applicant can seek judicial review in the United States district court for the district in which he resides. 8 U.S.C. § 1421(c).

Plaintiff bears the burden of proving by a preponderance of the evidence that he meets the above requirements for naturalization. 8 C.F.R. § 316.2(b). Under the Immigration and Nationality

---

(citation omitted)).

Act ("INA"), "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was . . . one who at any time has been convicted of an aggravated felony." 8 U.S.C. § 1101(f)(8). Under 8 U.S.C. § 101(a)(43)(M)(i), a crime under 28 U.S.C. § 7201 is an aggravated felony if the revenue loss exceeds $10,000. In *Kawashima*, the United States Supreme Court confirmed that "convictions under 26 U.S.C. § 7206(1) and (2) in which the revenue loss to the Government exceeds $10,000 qualify as aggravated felonies pursuant to 8 U.S.C. § 1101(a)(43)(M)(i)." 132 S. Ct. at 1176.

A. The USCIS's denial of Plaintiff's application for naturalization was not factually erroneous.

In count one of the Complaint, Plaintiff asserts that the denial of his naturalization was erroneous because he "overpaid the [IRS] so that here was no loss greater than $10,000." (Compl. ¶8.) However, the Plea Agreement and Judgment attached to Defendants' Motion show that Plaintiff owed the Government additional federal income tax in the amount of $89,026 as a result of filing a false tax return (Docket #4, Ex. A-B), which is well above the $10,000 limit set forth in 8 U.S.C. § 101(a)(43)(M)(i). Defendants point out that Plaintiff appears to rely on *Singh v. Att'y Gen. of the U.S.*, 677 F.3d 503, 512 (3d Cir. 2012), in which the Third Circuit held that in order for a conviction to qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(M), the victim must have suffered "an actual loss." This Court agrees with Defendants that a reliance on *Singh* would be misplaced, as the Third Circuit explained:

> Our holding here is a narrow one, involving an offense that *at no point* resulted in an actual loss to *any* victim for *any* length of time. . . . It doesn't matter how fleetingly the person obtains control. If the person's offense deprives the defrauded party of property, an actual loss occurs to an actual victim under subparagraph (M)(i).

*Id.* at 518. In *Singh*, the Court found that there was no actual loss because the offender was caught

4

by a government sting operation before the loss occurred. *Id.* The present case is distinguishable because Plaintiff was not caught before filing his false tax returns, and thus the government suffered an actual loss. The fact that Plaintiff later received a tax refund is irrelevant under the holding in *Singh.* Because an actual loss occurred above the $10,000 limit set forth in 8 U.S.C. § 101(a)(43)(M)(i), the USCIS's denial of Plaintiff's application for naturalization was not factually erroneous.

B.   The USCIS's denial of Plaintiff's application for naturalization was not legally erroneous.

Count II of Plaintiff's Complaint argues that his denial of naturalization was legally erroneous because the USCIS incorrectly applied the holding in *Kawashima v. Holder*, 132 S. Ct. 1166 (2012) *reh'g denied*, 132 S. Ct. 1961 (U.S. 2012) retroactively. (Compl. ¶10.) Plaintiff argues that "the standard for whether a court decision should be applied retroactively has not been definitively settled in the Third Circuit[,]" and asks this Court to apply the standard set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971). (Pl. Br. 5.) Plaintiff concedes, however, that the Supreme Court, in *Harper v. VA Department of Taxation,* "called [the Chevron Oil test] into question[.]" (Pl. Br. 5) (citing Harper, 509 U.S. 86, 113 (1993)).

The Third Circuit has unambiguously stated that "the Supreme Court's latest retroactivity jurisprudence has overruled *Chevron Oil's* equitable balancing test as the determinant of whether a new principle of law will be applied retroactively." *Atl. Coast Demolition & Recycling, Inc. v. Bd. of Chosen Freeholders of Atl. Cnty.*, 112 F.3d 652, 672 (3d Cir. 1997) *amended*, 135 F.3d 891 (3d Cir. 1998) (citing *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 751—53 (1995); *Harper*, 509 U.S. at 97). Because this holding contradicts the crux of Plaintiffs argument, this Court ordered Plaintiff to show cause why Count II of his Complaint should not be dismissed.

5

With its order to show cause, this Court gave Plaintiff "one final opportunity to argue why his denial of naturalization was legally erroneous based on the Supreme Court's holding in *Harper* and other legal authority that is binding on this Court." (Docket #14.)  Plaintiff did not do so. Instead, Plaintiff attempted to "demonstrate [] the continued viability of [*Chevron Oil Co.*] in this case."[2] (Docket #15.) As such, this Court applies the *Harper* standard to determine whether *Kawashima* should be applied retroactively.

The Supreme Court in *Harper* held:

> When th[e Supreme] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

509 U.S. at 97. Given this rule, the timing of Plaintiff's guilty plea is irrelevant for the purpose of USCIS's ruling on Plaintiff's application for naturalization. Though a conviction under 26 U.S.C. §7206(1) was not an aggravated felony at the time Plaintiff entered his guilty plea, the Supreme Court held in *Kawashima* that it was an aggravated felony at the time the USCIS considered Plaintiff's application. Once the Supreme Court decided *Kawashima,* it became retroactive "as to all events, regardless of whether such events predate or postdate [the Court's] announcement of the rule." *Harper*, 509 U.S. at 97. Under the INA, an aggravated felony conviction on or after November 29, 1990 precludes an applicant from ever demonstrating the "good moral character" element required for naturalization. 8 U.S.C. §1101(f)(8). Because the Supreme Court's holding

---

[2] Plaintiff argues that "the most recent Third Circuit case to address [*Chevron Oil Co.*] . . . does note that there is an issue of retroactivity in light of *Harper*, but resolves the issue on the assumption that [*Chevron Oil Co.*] remains good law[.]" (*Id.*)(citing *Kolekevich v. Attorney General*, 501 F.3d 323, n.9 (3d Cir. 2007)). Plaintiff's reliance on *Kolekevich,* however, is misplaced. The *Kolekevich* Court concluded that it was unnecessary to determine whether *Chevron Oil Co.* was still good law because "even assuming that pure prospectivity remains an option, application of that doctrine to the present case would be inappropriate." *Id.* Thus, the Third Circuit did not consider the validity of *Chevron Oil Co.* in *Kolekevich.*

6

in *Kawashima* applies retroactively according under *Harper*, USCIS's denial of Plaintiff's application for naturalization was not legally erroneous.

**IV.     CONCLUSION**

Based on the reasons set forth above, Defendants' motion to dismiss [CM/ECF No. 4] is granted.  Plaintiff's Complaint is dismissed *with* prejudice.

An appropriate Order accompanies this Opinion.

Jose L. Linares
United States District Judge

Dated: November 18, 2014